MATZARIS ET, PLAINTIFF-APPELLANT, *v.* JOHNSTON AND THE AETNA CASUALTY AND SURETY COMPANY, DEFENDANTS-APPELLEES.
MATZARIS, PLAINTIFF-APPELLANT, *v.* VINCENT V. JOHNSTON AND THE AETNA CASUALTY AND SURETY COMPANY, DEFENDANTS-APPELLEES.
MATZARIS, PLAINTIFF-APPELLANT, *v.* VINCENT V. JOHNSTON AND THE AETNA CASUALTY AND SURETY COMPANY, DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District, Belmont County.

Nos. 971, 972 and 973.   Decided August 17, 1961.

Messrs. *Thomas & Thomas*, for plaintiff-appellant.
Messrs. *Kinder, Kinder & Kinder*, for defendants-appellees.

DONAHUE, J.   These three cases have been combined for the purpose of this appeal, since all involve the same question.   The appeal is before us on questions raised by a supplemental petition against the insurance company in an attempt to hold it responsible and liable, under its policy of coverage, for default judgments entered in the original actions.

The defendant carrier had in force, a policy of insurance on A. E. Devorace's garage operations, which included coverage on cars owned by Devorace but driven by others with his permission.

In this instance the car involved was driven by an employee, but not in the course of or the scope of his employment. Devorace had taken this car in as a trade-in, had had the previous owner endorse the title in blank.   He then made a deal with the employee involved here to sell him this car and as compensation therefor the employee was to repair another car without charge.   Such repairs were completed.   Devorace gave the employee the title endorsed only by the customer who had traded it in, and appears to have either given the keys or made them available to him.   Nothing further was done to convey title at that time.   Devorace also testified positively, and his testimony is uncontradicted, that he told the employee emphatically that he could not use the dealer's plates on this car.

On the following Sunday the employee went to the garage for which he had keys, put the dealer's plates on the car, took a ride, and was involved in the accident leading to these suits.

The questions raised are:—

1. Did title pass under West Virginia law, to the employee, thus taking the car out of the Devorace policy of insurance?

2. If not, was the car being used with Devorace's permission so as to bring it within his coverage?

Much testimony and argument have been submitted on the question of whether title passed under West Virginia law, where the garage was located, and the car had been titled. We do not believe that it is necessary for us to decide this question in spite of the fact that the parties, and even the court below, would like to have a decision on that point. It is our opinion that if title were still in Devorace, no permissive use of the car existed. In the face of the testimony of Devorace and failure to contradict it, we cannot see where the employee was given any permission to take the car out unless and until he obtained his own license. He was told positively he could not use the dealer's plates. He could not lawfully drive it without plates. He had to get plates of his own to lawfully drive it, or use the dealer's plates contrary to orders. He did the latter. In the condition of the title, known to both Devorace and his employee, Devorace was justified if he presumed the car would not be used. In the absence of any real evidence to show such permission and in the presence of real evidence to show the lack of permission, we can see no alternative but to say that the employee did not come within the provisions of the coverage.

Judgment affirmed.

BROWN, P. J., and GRIFFITH, JJ., concur.